IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CT-03128-D

| | | |
|---|---|---|
| DEVONTAY D. MYLES,<br><br>Plaintiff,<br><br>v.<br><br>SGT. EDWARDS, *et al*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PRETRIAL ORDER** |

Date of Conference: December 5, 2024

Appearances: Devontay D. Myles, Pro Se Plaintiff.
John Locke Milholland, IV and Tanner Ray, Assistant Attorneys General, for Defendants

## I. STIPULATIONS

A. All parties are properly before the court.

B. The court has jurisdiction over the parties and subject matter.

C. All parties have been correctly designated.

D. There is no question as to misjoinder or nonjoinder of parties.

E. The following pieces of evidence are authentic and admissible

1. Plaintiff's Complaint [D.E. 1, 9, 11]
2. March 29, 2019, Incident Report

3. NC DPS Policy F.1500 Use of Force
4. Plaintiff's Publicly Available Incarceration Summary
5. Plaintiff's Publicly Available Infraction Summary, submitted with summary judgment motion
6. Plaintiff's Disciplinary Hearing Record Disobey order assault on Taylor
7. Plaintiff's Disciplinary Hearing Record, Assault on Phillips
8. Plaintiff's Disciplinary Hearing Record, Assault on Thompson
9. Medical records from first UOF Assessment
10. Medical records showing preexisting back pain
11. Medical records from suicide attempt
12. Medical records from second UOF assessment
13. DE-82, Plaintiff's response to order to explain absence
14. DE-84, Order finding good cause for absence
15. Court Remark updating Plaintiff's Address

F. Facts

1. At the time of the matter involved herein, Plaintiff was a prisoner of the State of North Carolina confined at Warren CI.

2. At the time of the matter involved herein, Defendants were employed by the North Carolina Department of Public Safety and assigned to Warren CI.

3. On March 29, 2019, two use of force incidents occurred involving the Plaintiff and correctional officers.

G. Legal Issues

1. Did Defendants violate Plaintiff's Eighth Amendment rights?

2. Are Defendants entitled to qualified immunity?

H. Factual Issues

1. Did Defendant violate Plaintiff's constitutional rights?

2. Is Defendant entitled to qualified immunity?

3. Did Plaintiff suffer any injury?

4. Were uses of force reasonable under the circumstances?

5. What relief, if any, is Plaintiff entitled to recover from Defendant?

## II. CONTENTIONS

A. *Plaintiff (from [D.E. 1, 9, 11])*

1. Events occurred as alleged in the Complaint.

B. *Defendants*

1. Defendant James Williams was approached in his office by Plaintiff regarding a grievance Plaintiff wanted filed.

2. Defendant Williams advised Plaintiff his grievance would be rejected if filed due to procedural issues and that Plaintiff's hat violated prison rules.
3. Plaintiff grew agitated and stormed out of the office knowingly slamming the door into the officer on the other side of the door.
4. Defendants Williams and Taylor restrained Plaintiff and charged Plaintiff with infractions for assaulting Taylor.
5. Plaintiff overdosed on his medication and was sent for outside medical care.
6. Upon return, Plaintiff's property needed removed due to self-injurious behavior precautions, which included removing Plaintiff's wrist bandages from his hospitalization.
7. Plaintiff grew combative and began assaulting officers by kicking, fighting, and urinating on officers because he wanted to remove the bandages in the shower.
8. Multiple officers responded to Plaintiff's attack and assaults and Plaintiff was restrained.
9. Plaintiff suffered no injuries from either use of force incident.
10. There was no excessive use of force.
11. Plaintiff suffered no unconstitutional injuries.

## III. EXHIBITS

### A. *Plaintiff*

| Number and title | Objection |
|---|---|
| 1. Unknown | Relevance, prejudicial effect, foundation (404) |
| 8. Rebuttal and Impeachment Documents | Unknown |

### B. *Defendants*

| Number and title | Objection |
|---|---|
| 1. Plaintiff's Complaint | None |
| 2. March 29, 2019 Incident Report | None |
| 2. Medical NC DPS Policy F.1500 UOF | None |
| 3. Plaintiff's Incarceration summary | None |
| 4. Plaintiff's infraction summary | None |
| 5. Plaintiff's Disciplinary Hearing Record ("DHR") Assault on Taylor | None |
| 6. Plaintiff's DHR Assault on Phillips | None |
| 7. Plaintiff's DHR Assault on Thompson | None |
| 8. Medical records from first UOF assessment | None |
| 9. Medical records-preexisting back pain | None |
| 10. Medical Records-suicide attempt Judgment | None |
| 11. Medical records-second UOF assessment | None |
| 12. Plaintiff's Response explaining absence-DE-82 | None |

13. Order finding good cause for absence DE-84 None

14. Court Remark updating Plaintiff's address None

15. Any of Plaintiff's Exhibits None

16. Any rebuttal documents None

## IV. DESIGNATION OF PLEADINGS AND DISCOVERY MATERIALS

*A. Plaintiff*

| Document | Portion | Objection | Reason |
|---|---|---|---|
| 1. Complaint (Dkt. 1, 9, 11) | Entire | Y | Relevance, Hearsay |

*B. Defendants*

| Document | Portion | Objection | Reason |
|---|---|---|---|
| 1. Plaintiff's complaint [D.E. 1, 9, 11] | Entire | N | |
| 2. Plaintiff's Response to order supporting absence [D.E. 82] | | | |
| 3. Order finding good cause [D.E. 84] | | | |
| 4. Court Remark updating address | | | |

Other documents and statements to be used for impeachment or cross-examination purposes.

## V. Witnesses

*A. Plaintiff*

| Name | Address | Proposed Testimony | Objection |
| --- | --- | --- | --- |
| Plaintiff | | The incident and interactions with defendants afterwards | |

*B. Defendants*

| Name | Address | Proposed Testimony | Objection |
| --- | --- | --- | --- |
| Defendant James Williams | c/o Defendant's counsel | The incident, Interactions with plaintiff, OPUS documents, Policies & procedures. | None |
| Defendant Tyriek Taylor | c/o Defendant's counsel | The first UOF incident, Policies & procedures. | None |
| Defendant Brandon Edwards | c/o Defendant's counsel | Second UOF. | Relevance |
| Defendant Phillip Campbell | c/o Defendant's counsel | Second UOF | |
| Barbara Powell-Jones, LPN | c/o Defendant's counsel | First UOF Assessment-lack of injury, other medical records | |
| D. Pasco, R.N. | c/o Defendant's counsel | Second UOF, Medical Records | |
| Tyrone Thompson | c/o Defendant's counsel | Second UOF | |

| | | |
|---|---|---|
| Rodney Decker | c/o Defendant's counsel | Second UOF |
| Antonio Hargrove | c/o Defendant's counsel | Second UOF |
| Anthoney Perry | c/o Defendant's counsel | Second UOF |
| Any witnesses called by Plaintiff | | |

VI. **TRIAL TIME ESTIMATE:** 1 day (Limit imposed by Judge Dever)

______________________
Devontay D. Myles
Pro Se Plaintiff

/S/ John Locke Milholland, IV
John Locke Milholland, IV
Attorney for Defendant

APPROVED BY:

**JAMES C. DEVER III**
**United States District Judge**

The 5 day of December, 2024.