IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CT-3128-D

| | | |
|---|---|---|
| DEVONTAY D. MYLES,<br><br>Plaintiff,<br><br>v.<br><br>SGT. EDWARDS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JURY INSTRUCTIONS** |

Province of Court and Jury

Now that you have heard all of the evidence to be received in this trial and each of the arguments of counsel and Mr. Myles, it becomes my duty to give you the final instructions of the court as to the law that applies to this case. All of the instructions of law given to you by the court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Mr. Myles and counsel for defendants have quite properly referred to some of the applicable rules of law in their closing arguments. If, however, any difference appears to you between the law as stated by counsel or Mr. Myles and the law as stated by the court in these instructions, you, of course, are to be governed by these instructions. You are not to single out any one instruction alone as stating the law, but must consider all of the instructions as a whole in reaching your decision.

Neither are you to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would violate your sworn duty to base any part of your verdict on any view or opinion of the law other than that given in the instructions of the court, just as it would violate your sworn duty as the judges of the facts to base your verdict on anything other than the evidence received in the case.

You were chosen as jurors in this trial to evaluate all of the evidence received and to decide each of the factual questions presented. In resolving the questions presented, you must not be persuaded by bias, prejudice, sympathy for or against any of the parties to this case, or any public opinion.

Justice—through trial by jury—depends on the willingness of each individual juror to seek the truth from the same evidence presented to all of the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as are now being given to each of you in the instructions of the court.

<u>All Litigants Equal Before the Law</u>

This case should be considered and decided by you as a dispute between persons of equal worth. All persons are equal before the law and are to be treated as equals.

Evidence Received in the Case and Inferences Permitted

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them and all exhibits received in evidence, regardless of who may have produced them.

Any proposed testimony or proposed exhibit to which an objection was sustained by the court and any testimony or exhibit ordered stricken by the court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses, or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts that you find have been proven such reasonable inferences as you feel are justified in light of your experience and common sense.

## Direct and Circumstantial Evidence

There are two general types of evidence that are presented during a trial—direct evidence and circumstantial, or indirect, evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. Direct evidence, without any additional evidence or inference, can prove a material fact. For example, a witness's testimony is direct evidence when the witness testifies to what he or she did or saw or heard. In other words, when a witness testifies about what he or she knows from his or her own personal knowledge by virtue of his or her own senses, that is direct evidence. When a witness's testimony constitutes direct evidence, you need only determine whether you believe the witness. In a few moments, I will give you more instructions to consider in deciding whether to believe a witness.

"Circumstantial evidence" is proof of a chain of facts or circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight that you may give to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial.

## Judging the Evidence

A juror should consider the evidence in a trial like any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your common sense in considering and evaluating the evidence in this case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are the sole judges of the weight to be given to any evidence. By this, I mean that if you decide that certain evidence is believable, you must then determine the importance of that evidence in light of all other believable evidence in the case.

Keep constantly in mind that it would violate your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.

## The Question Is Not Evidence

The questions that a lawyer or Mr. Myles asked to witnesses in this case are not evidence. Thus, if a lawyer or Mr. Myles asks a question of a witness that contains an assertion of fact, you may not consider the assertion by the lawyer or Mr. Myles as any evidence of that fact. Only the answers of the witnesses are evidence.

## Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the party on each side of a case to object when the other side offers testimony or an exhibit which that attorney or party believes is not properly admissible under the rules of evidence. Only by raising an objection can a party request and obtain a ruling from the court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or a party because of objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## Jury's Recollection Controls

If any reference by the court, counsel, or Mr. Myles to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the court, counsel, or Mr. Myles.

You are the sole judges of the evidence received in this case.

Credibility of Witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility or believability of each of the witnesses called to testify in this case, and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of each witness, you should carefully scrutinize all of the testimony given by each witness, the circumstances under which each witness has testified, and all of the other evidence that tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider each witness's ability to observe the matters as to which he or she has testified, and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider whether the testimony is sensible and reasonable. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail, and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

## Credibility of Witnesses—Interest in Outcome

In evaluating the credibility of a witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his of her testimony and evaluate the testimony with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if any, a witness's interest has affected or colored his or her testimony.

## Credibility of Witnesses—Inconsistent Statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight

or credibility as you may think it deserves.

Credibility of Witnesses—Felony Conviction

You have heard the testimony of a witness (i.e., plaintiff Devontay D. Myles) who has been convicted of a crime punishable by more than one year in prison, i.e., a felony. Such felony conviction was put into evidence for you to consider in evaluating the witness's credibility. You may consider the fact that a witness who testified is a convicted felon in deciding how much of his testimony to accept or reject and what weight, if any, you think the testimony deserves.

You may not consider evidence of a felony conviction as proof that the plaintiff Devontay D. Myles has a bad character or propensity to commit crimes.

Correctional Officer or Prison Official Witness

You have heard the testimony of correctional officers and prison officials. The fact that a witness is employed as a correctional officer or prison official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of a non-correctional-officer or non-prison-official witness. At the same time, it is quite legitimate for Mr. Myles to try to attack the credibility of such a witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether or not to accept the testimony of a correctional officer or prison official witness and how much weight, if any, to give that testimony.

## Bias and Hostility

In evaluating the credibility of a witness, you should specifically consider evidence of resentment or anger that a witness may have towards the other party.

Evidence that a witness is biased, prejudiced, or hostile towards the other party requires you to view that witness's testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.

## Court's Questions to Witnesses

During the course of the trial, I may have occasionally asked questions of witnesses. Do not assume that I hold any opinion on the matters to which my questions may have related. The court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

## Number of Witnesses Called Is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all of the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all of the other evidence, you believe that single witness.

## Uncontradicted Testimony

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

## All Evidence Need Not Be Provided

The law does not require a party to call as a witness all persons who may have been present at any time or place involved in a case, or who may appear to have some knowledge of the matter at issue in this trial. The law also does not require a party to produce as exhibits all papers and things mentioned in the evidence in this case.

However, in judging the credibility of the witnesses who have testified, and in considering the weight of all evidence that has been produced, the jury may consider the failure of the party with the burden of proof on the issue to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

Issues—Unanimity—Burden of Proof

In order to resolve the dispute between the plaintiff Devontay D. Myles and defendants you will answer several questions or "issues." You will answer "Yes" or "No" as to each question or issue. Your answer to each question or issue must be unanimous.

Plaintiff Devontay D. Myles has the burden of proof on each question or issue. As the party with the burden of proof, plaintiff Devontay D. Myles must prove, by a preponderance of the evidence, the existence of those facts entitling him to a favorable answer to the question or issue.

"To prove by a preponderance of the evidence" or "to establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind the belief that what is sought to be proven is more likely true than not true. The preponderance of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. Likewise, the preponderance of the evidence standard does not require proof to an absolute certainty, because proof to an absolute certainty is seldom possible in any case.

## Consider Each Question or Issue Separately

You should consider each question, issue, and defendant separately. Thus, the fact that you answer "Yes" or "No" as to one of the questions or issues as to a particular defendant should not control your answer as to any other question, issue, or defendant.

## Issue One – Alleged Eighth Amendment Violation

### Nature of the Issue

The first issue reads:

"Did defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams use excessive force against plaintiff Devontay D. Myles on March 29, 2019?"

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. A correctional officer's use of excessive force against an inmate violates the Eighth Amendment. Plaintiff Devontay D. Myles claims that defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, and defendant Lt. James Williams used excessive force against plaintiff Devontay D. Myles on March 29, 2019, in violation of plaintiff Devontay D. Myles's Eighth Amendment rights. Defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, and defendant Lt. James Williams deny the allegation.

## Elements

In order to prove his Eighth Amendment claim against defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams, plaintiff Devontay D. Myles must prove the following four elements by a preponderance of the evidence:

First: Defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams used force against plaintiff Devontay D. Myles maliciously and sadistically for the very purpose of causing plaintiff Devontay D. Myles harm;

Second: The force applied, if any, was nontrivial;

Third: The use of force caused some harm to plaintiff Devontay D. Myles; and

Fourth: Defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams was acting under color of state law.

If plaintiff Devontay D. Myles fails to prove all four elements as to defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams, you must find in favor of the relevant defendant and against plaintiff Devontay D. Myles.

First Element

As for the first element, plaintiff Devontay D. Myles must prove that defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams applied force against plaintiff Devontay D. Myles maliciously and sadistically for the very purpose of causing harm to plaintiff Devontay D. Myles rather than as part of a good faith effort to maintain or restore discipline or order. You are to evaluate this element by a subjective analysis of defendant Sgt. Brandon Edwards's, defendant C/O Philip Campbell's, defendant Sgt. Tyriek Taylor's, and defendant Lt. James Williams's state of mind at the time force, if any, was used against plaintiff Devontay D. Myles.

"Maliciously" means intentionally injuring another without just cause or reason, with the intent to inflict injury. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

In determining whether defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams applied force maliciously and sadistically for the very purpose of causing harm to plaintiff Devontay D. Myles you may consider:

1. The extent of the injury or injuries suffered by plaintiff Devontay D. Myles;

2. The need for the application of force;

3. The relationship between the need for the application of force and the amount of force used;

4. The extent of the threat to the safety of prison staff and inmates, as reasonably perceived by defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams on the basis of facts known to defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams; and

5. Any efforts that defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams made to temper the severity of the force applied.

Second Element

As for the second element, plaintiff Devontay D. Myles must prove that the force defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams applied was nontrivial. This element focuses on the nature of the force that the relevant defendant used. Not every malevolent touch by a correctional officer exposes the officer to liability for using excessive force. The Eighth Amendment's prohibition on cruel and unusual punishments does not protect an inmate against a correctional officer's de minimis use of physical force, and an inmate who complains of a push or a shove or some other use of force that causes no discernible injury cannot prevail on an excessive force claim.

Nonetheless, the extent of any injury or injuries that plaintiff Devontay D. Myles suffered may provide some indication of the amount of force applied. Moreover, a use of force can violate the Eighth Amendment even if the use of force did not cause significant injury. Although the extent of any injuries to plaintiff Devontay D. Myles may help you assess whether the force used was nontrivial, plaintiff Devontay D. Myles is not required to show that he suffered a significant injury. In analyzing the second element, you should evaluate the nature of the force that defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams used, not the extent of any injury or injuries that plaintiff Devontay D. Myles suffered.

Third Element

As for the third element, plaintiff Devontay D. Myles must prove that the force defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams used caused harm to plaintiff Devontay D. Myles. Although the de minimis or modest nature of any injury or injuries may limit the damages plaintiff Devontay D. Myles can recover, that plaintiff Devontay D. Myles's alleged injury or injuries were de minimis or modest does not preclude him from proving his claim of excessive force. Pain itself suffices, even if plaintiff Devontay D. Myles suffered no enduring injury.

Fourth Element

As for the fourth element, plaintiff Devontay D. Myles must prove that defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams acted under color of state law. A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state law.

Final Mandate – Issue One

Finally, as for the first issue, on which plaintiff Devontay D. Myles has the burden of proof, if you find that plaintiff Devontay D. Myles has proven all four elements by a preponderance of the evidence as to defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams, then it would be your duty to answer the first issue "Yes" in favor of plaintiff Devontay D. Myles as to the relevant defendant. If, on the other hand, you find that plaintiff Devontay D. Myles has not proven all four elements by a preponderance of the evidence as to defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, or defendant Lt. James Williams, then it would be your duty to answer "No" in favor of the relevant defendant.

As the verdict form states, if you answer "No" to the first issue as to each defendant Sgt. Brandon Edwards, defendant C/O Philip Campbell, defendant Sgt. Tyriek Taylor, and defendant Lt. James Williams, then the case is over. You will consider the second and third issues only if you answer "Yes" to the first issue as to a defendant.

## Damages

Members of the jury, I will now instruct you on the issue of damages. Merely because I am instructing you on the issue of damages does not mean, and should not be construed to mean, that I think you should or should not award damages. Rather, as the verdict form indicates, you will reach the issue of damages only if you decide that plaintiff Devontay D. Myles has proven, by a preponderance of the evidence, that one of the defendants violated the Eighth Amendment.

## Issue Two—Compensatory Damages

The second issue reads:

"If the jury unanimously has decided to award compensatory damages to plaintiff Devontay D. Myles from the relevant defendant, what amount of compensatory damages, if any, does the jury unanimously award plaintiff Devontay D. Myles from that defendant?"

Actual damages—what the law calls compensatory damages—are the fair compensation to be awarded to a person for any past or present injury proximately caused by the wrongful conduct of another. Plaintiff has the burden of proof on the issue of compensatory damages. Thus, plaintiff Devontay D. Myles must prove, by a preponderance of the evidence, the amount of actual damages that any defendant or defendants wrongful conduct proximately caused plaintiff Devontay D. Myles. Damages must not be based on speculation because it is only actual damages that are recoverable as compensatory damages.

In determining the amount of compensatory damages, if any, that plaintiff Devontay D. Myles is entitled to recover for personal injury, you will consider the evidence that you have heard as to pain and suffering. I will now explain the law of damages concerning pain and suffering.

## Pain and Suffering

Damages for personal injury include fair compensation for the past physical pain and mental suffering experienced by plaintiff Devontay D. Myles as a proximate result of the conduct of any defendant or defendants. There is no fixed formula for placing a value on physical pain and mental suffering. You will determine what is fair compensation by applying logic and common sense to the evidence.

## Final Mandate—Compensatory Damages

Finally, as to the issue of compensatory damages, on which plaintiff Devontay D. Myles has the burden of proof, if you find, by a preponderance of the evidence, the amount of actual damages proximately caused by the conduct of any defendant or defendants, then it would be your duty to write that dollar amount in the space provided on the verdict form.

If you make an award, you are not required to accept the dollar amount of damages the parties suggest. Your duty would be to compensate plaintiff Devontay D. Myles by a lump sum award in a fair and reasonable amount based on the evidence and the rules of law I have given you with respect to the measure of damages. You should remember that, in awarding compensatory damages (if any), you are not seeking to punish any party, and you are not awarding or withholding anything out of pity or sympathy.

If you fail to find that plaintiff Devontay D. Myles has proven by a preponderance of the evidence that he is entitled to recover actual damages, then he is entitled to an award of nominal damages, and it would be your duty to write a nominal sum, such as "one dollar," in the space provided on the verdict form.

## Issue Three—Punitive Damages

The third issue reads:

"If the jury unanimously has decided to award punitive damages to plaintiff Devontay D. Myles from the relevant defendant, what amount of punitive damages, if any, does the jury unanimously award plaintiff Devontay D. Myles from that defendant?"

In addition to compensatory or nominal damages, the law permits you to award plaintiff Devontay D. Myles punitive damages. A jury may award punitive damages to punish a defendant or to deter a defendant or others like him from engaging in wrongful conduct in the future.

## Essential Elements—Punitive Damages

Punitive damages are available if you find by a preponderance of the evidence that any defendant or defendants acted with evil intent or motive, or with reckless or callous indifference to plaintiff Devontay D. Myles's federally protected Eighth Amendment rights. A finding by you that any defendant or defendants acted with deliberate indifference to plaintiff Devontay D. Myles's risk of harm satisfies the requirement that any defendant or defendants acted with reckless or callous indifference to plaintiff Devontay D. Myles's federally protected Eighth Amendment rights.

If you find that these requirements are satisfied, then you may decide to award punitive damages, or you may decide not to award them. Whether to award punitive damages and the amount of those damages is in your sound discretion.

## Punitive Damages Amount

The law does not require you to award punitive damages. If you decide, in your discretion, to award punitive damages, you must use sound reason in setting the amount.

You are to presume that a plaintiff is made whole by compensatory damages. Thus, you shall not award punitive damages for the purpose of compensating plaintiff Devontay D. Myles for his injury. You may assess punitive damages against any defendant or defendants only if you find that his conduct is so reprehensible as to warrant imposing further sanctions against him. Any amount that you award must bear a rational relationship to the sum reasonably needed to punish any defendant or defendants for egregiously wrongful acts and to deter any defendant or defendants and others from committing similar wrongful acts.

In considering the amount of punitive damages to assess against any defendant or defendants, you may consider only that evidence relating to:

1. The reprehensibility of the defendant's motives and conduct
2. The likelihood, at the relevant time, of serious harm to plaintiff or others similarly situated;
3. The degree of the defendant's awareness of the probable consequences of his conduct;
4. The duration of the defendant's conduct;
5. The actual damages plaintiff suffered;
6. Any concealment by the defendant of the facts or consequences of his conduct;
7. The existence and frequency of any similar past conduct by the defendant; and
8. Whether the defendant profited by the conduct.

## Final Mandate—Punitive Damages

Finally, if you determine, in your discretion, to award punitive damages to plaintiff Devontay D. Myles against any defendant or defendants, then you may award to plaintiff Devontay D. Myles an amount that bears a rational relationship to the sum reasonably needed to punish any defendant or defendants for egregiously wrongful acts and to deter him and others from committing similar wrongful acts. You should write the dollar amount in the space provided on the verdict form.

If, on the other hand, you determine, in your discretion, not to award punitive damages to plaintiff Devontay D. Myles then you should write the word "none" in the space provided on the verdict form.

## Verdict—Election of Foreperson—Duty to Deliberate —Unanimity—Form of Verdict— Communication with the Court

Upon retiring to your jury room to begin your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. To return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to your own individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your own honest opinion, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in the verdict form, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility

of the jury. As I have told you many times, you are the sole judges of the facts.

A verdict form has been prepared for your convenience. As explained in these instructions and on the verdict form, your answers to some questions will determine if you are to answer subsequent questions. Be sure to read the instructions that accompany each question carefully.

*[The form of verdict is read to the jury.]*

You will take this form to the jury room and, when you have reached a unanimous agreement, you will have your foreperson mark your answers on the verdict form, sign and date the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Please note that all other people are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or your deliberations.

Bear in mind also that you are never to reveal to any person—not even to the court—how the jury stands, numerically or otherwise, on any question or issue.

Finally, if you jurors separate for a night's rest or for any other break at any time during your deliberations, you are, during any such separation, not to talk to anyone about this case or to talk among yourselves about this case. All of your deliberations must be conducted as a complete group within the jury room. Please also remember and follow all of the other instructions that I have given you throughout this trial for your conduct during recesses. All such instructions also

**continue to apply during any separations, including restroom breaks, that may occur after you begin your deliberations.**